# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA A. KUNTZ, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 10-877 |
| AETNA, INC., : | |
|     Defendant. : | |

## MEMORANDUM AND ORDER

Tucker, J. February ____, 2011

Presently before this Court is Plaintiffs' Motion for Remand (Doc. 3) and Defendant's Response in Opposition thereto (Doc. 6). For the reasons set forth below, the Court denies Plaintiffs' Motion.

## BACKGROUND

On October 16, 2009, Plaintiff filed a Complaint in the Northampton County Court of Common Pleas seeking payment of Long Term Disability Benefits under Plaintiff's Insurance Policy with Defendant pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 20 U.S.C. § 1001, et seq.[1] Plaintiff served the Complaint on Defendant by certified mail at the following address: Aetna, Inc., P.O. Box 14557, Lexington, KY 40512. Plaintiff obtained the address for service on Defendant from the final denial letter sent to her, advising her

---

[1] The facts giving rise to Plaintiffs Complaint are as follows. Plaintiff alleges that on November 29, 2007, while she was a covered employee under a policy of insurance issued by Defendant for Long Term Disability Benefits, she began suffering from psychiatric conditions including, inter alia, anxiety and panic disorder, which rendered her unable to perform the material and substantial duties of her regular occupation or any occupation. Plaintiff further alleges that Defendant wrongfully and arbitrarily determined that she was not disabled and therefore not entitled disability benefits.

of her rights under ERISA. Plaintiff claims that no other address for Defendant was indicated on the denial letter. The Return Receipt Card for the Complaint was signed by Gayle R. Williams "on behalf of ACS/Aetna" on October 29, 2009.

On January 27, 2010, Plaintiff filed a Praecipe for Judgment against Defendant for want of Answer to the Complaint and the Prothonotary of Northampton County entered the default judgment against Defendant. Notice of the default judgment appears to have been mailed to Defendant at the aforementioned address on January 28, 2010.

Defendant claims that it did not learn of Plaintiff's Complaint or the Notice of Default until February 11, 2010, when ACS, its contracted imaging vendor, sent the document to Aetna. Defendant avers that on February 22, 2010, its counsel contacted Plaintiff's counsel to request a courtesy copy of the Complaint. Plaintiff's counsel emailed the Complaint to Defendant's counsel the same day.

On March 2, 2010, Defendant removed the case to federal court on the basis of federal question jurisdiction (Doc. 1). In the Notice of Removal, Defendant claims it never received the Notice of the default judgment and did not learn of the default judgment until February 11, 2010. As such, Defendant claims it timely filed the Removal Notice within thirty (30) days as required by 28 U.S.C. § 1446(b). On March 12, 2010, Plaintiff filed a Motion to Remand (Doc. 3) arguing that it properly served Defendant on October 29, 2009, Defendant failed to remove the case to federal court within 30 days, and thus the removal was improper. Defendant filed a Response in Opposition thereto (Doc. 6) on March 18, 2010. The Court will now address this pending motion.

**LEGAL STANDARD**

"Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. See 28 U.S.C. §§ 1331-1332. The party moving for removal bears the burden of showing that removal is appropriate. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

Cases removed to federal court are subject to remand under 28 U.S.C. § 1447(c). The district court must grant a motion to remand "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction ..." 28 U.S.C. § 1447(c). See also Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) (citing Int'l Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991)). Jurisdiction must be evaluated "according to the plaintiff's pleading at the time of the petition for removal." Abels, 770 F.2d at 29. The removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).

## DISCUSSION

Defendant removed the case to federal court on the basis of federal question jurisdiction. Plaintiff argues that removal was procedurally improper because Defendant did not comply with Section 1446(b) which provides that notice of removal must be filed within thirty days after receipt of the defendant, through service or otherwise, of a copy of the initial pleadings. Plaintiff argues that she served her Complaint on Defendant on October 29, 2009, as evidenced by the return receipt signed by Gayle R. Williams "on behalf of ACS/Aetna." Plaintiff further argues that Defendant had thirty days, until November 30, 2009, to file for removal. Defendant did not file for

removal, however, until March 2, 2010, well after the statutory period had expired.

Plaintiff also argues that Defendant's argument that it was not properly served with the Complaint is disingenuous. Plaintiff contends that service was permitted under Pennsylvania law and was valid. Specifically, Plaintiff cites Pennsylvania Rule of Civil Procedure 402(2), which permits service by mail on individuals outside of the Commonwealth. Plaintiff also cites Rule 403, which provides that service is complete upon delivery of the mail. Plaintiff mailed a copy of the Complaint to the only address contained in the long term benefits denial letter she received from Defendant advising Plaintiff of her rights under ERISA. Plaintiff argues that Defendant resides and conducts business in Lexington, KY as evidenced by the return receipt. As such, Plaintiff's service of the Complaint to the Aetna, Inc. at P.O. Box 14557, Lexington, KY 40512 was appropriate.

Defendant disagrees and argues that it timely filed its Notice of Removal seven (7) days after receiving, for the first time, a copy of Plaintiff's Complaint. Defendant argues that Plaintiff attempted to serve Defendant at a non-Aetna affiliated post-office box in Lexington, KY which was signed for on October 29, 2009 by a person who is neither an employee nor authorized agent of Aetna and that such service was invalid and did not trigger the thirty day period in which Defendant was required to file its Notice. Defendant further argues that it only learned on the Complaint against it on February 22, 2010, when it received a copy of Plaintiff's Complaint from Plaintiff's counsel via e-mail.

Defendant further alleges that it is a Pennsylvania Corporation with a registered office of 980 Jolly Road, Blue Bell, PA 19422. Defendant's corporate headquarters are located at 151 Farmington Avenue, Route 21, Hartford, CT 06156. Defendant further highlights that Plaintiff

was an Aetna employee working as a senior claims processor at Aetna Health Plans located in Allentown, PA beginning July 26, 1993 and, as such, was a participant in an employer-sponsored welfare benefit plan ("the Plan") which included a long-term disability plan. The Plan informed its participants that its Agent for service of legal process was the Senior Vice-President and General Counsel at Aetna, Inc., 151 Farmington Avenue, Route 21, Hartford, CT 06156. Defendant argues that Plaintiff sent the Complaint to a P.O. Box registered to ACS, an imaging vendor with whom Aetna Life Insurance Company, the claims administrator of the Plan, contracts for imaging documents. Gayle R. Williams is an employee of ACS, the third-party imaging vendor, who coordinated the retrieval of mail from all mailboxes used by ACS.

The crux of this issue is whether the Complaint was properly served. If the Complaint was properly served on October 29, 2009, then that date triggered the thirty-day period in which Defendant had to file for removal and Defendant's removal of this matter is out of time. If the Complaint, however, was not properly served, then Defendant had thirty days from the date it received the Complaint, February 22, 2010, and Defendant's removal of the matter is procedurally proper.

Rule 403 of the Pennsylvania Rules of Civil Procedure authorizes original process to be served by mail and provides that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Rule 404 of the Pennsylvania Rules of Civil Procedure permits service outside the Commonwealth, inter alia, by mail in the manner provided by Rule 403. Pa. R. Civ. P. 404(2). Finally, Rule 424 governing service of process upon corporations provides for hand delivery of service upon an executive officer, person in charge, or agent authorized by the corporation to

receive process. Pa. R. Civ. P. 424. Although Rule 424 appears to require hand delivery of service on a corporation, certified mail is a proper method of service on out-of-state corporations under Pennsylvania law. McKinnis v. Hartford Life, 217 F.R.D. 359, 361 (E.D. Pa. 2003). The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation. Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 204 (E.D. Pa. 1971).

Here, it is clear that Plaintiff failed to properly serve Defendant. First, Defendant is a Pennsylvania Corporation with a registered office located at 980 Jolly Road, Blue Bell, PA 19422 and corporate headquarters located at 151 Farmington Avenue, Route 21, Hartford, CT 06156. Plaintiff, however, mailed the summons and complaint to P.O. Box 14557, Lexington, KY 40512, a P.O. Box registered to ACS, an imaging vendor with whom Aetna Life Insurance Company, the claims administrator of the Plan, contracts for imaging documents. The Court finds unpersuasive Plaintiff's rationale for using the Lexington, KY address - that it was the only address contained in the long term benefits denial letter she received from Defendant advising her of her rights under ERISA. As a participant in the Defendant's benefit plan, Plaintiff had already been informed in summary documents that its Agent for service of legal process was the Senior Vice-President and General Counsel at Aetna, Inc., 151 Farmington Avenue, Route 21, Hartford, CT 06156. Thus, Plaintiff was aware of at least one proper address to use for service of process. But even assuming that the Lexington, KY address was a proper address to use for service of process, the Court would still reach the same conclusion that service was ineffective in this case.

The next deficiency in Plaintiff's argument is that having the return receipt signed by Gayle R. Williams "on behalf of ACS/Aetna" was sufficient proof of service. The facts clearly demonstrate that this is not so. Gayle R. Williams is an employee of ACS, the third-party imaging

vendor, who coordinated the retrieval of mail from all mailboxes used by ACS. She, therefore, does not qualify as an executive officer, person in charge, or agent authorized to receive service of legal process for Defendant. Moreover, that the mail coordinator was able to sign for the summons and complaint leads the Court to believe that Plaintiff did not restrict their delivery to Defendant or its agents. Accordingly, the Court finds that service of process was not made in conformity with the Pennsylvania Rules of Civil Procedure and Defendant's removal of the matter to federal court on March 2, 2010, seven days after receiving the Complaint, was procedurally proper.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Remand is denied. An appropriate Order follows.